```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CHRISTOPHER MICHAEL GIANNOTTI, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-09357 (JBS-AMD) |
| CAMDEN COUNTY CORRECTIONAL FACILITY, | OPINION |
| Defendant. |  |

APPEARANCES

Christopher Michael Giannotti, Plaintiff Pro Se
308 S. Warwick Road, Apt. A
Somerdale, NJ 08083

**SIMANDLE, Chief District Judge:**

## Case 1

1.   By Complaint dated November 28, 2016 in Case No. 1:16-cv-08776, Plaintiff Christopher Michael Giannotti sought to bring a civil rights action pursuant to 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint in Case 1:16-cv-08776 ("Case 1"), Docket Entry 1.

2.   Plaintiff has named CCCF as the sole defendant in his complaint; however, the complaint itself is blank. Complaint §§ III-V. As such, the Court cannot discern what cause of action Plaintiff intends to pursue against CCCF.

3. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Case 1 was subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff was proceeding *in forma pauperis*.

4. In accordance with these directives of the PLRA, this Court undertook the requisite screening in Case 1 and, by Order dated April 26, 2017, dismissed Plaintiff's Complaint without prejudice for failure to state a claim (28 U.S.C. § 1915(e)(2)(b)(ii)). Docket Entry 6 ("Dismissal Order") in Case 1.

5. As explained in this Court's April 26, 2017, 2017 Opinion accompanying the Dismissal Order, Plaintiff's Complaint in Case 1 did not allege any facts to support a reasonable inference that a constitutional violation had occurred in order to survive this Court's review under § 1915. Docket Entry 6 ("Dismissal Opinion") in Case 1.

**Case 2**

6. By Complaint dated December 19, 2016 in Case No. 1:16-cv-09357, Plaintiff sought to bring another civil rights

complaint pursuant to 42 U.S.C. § 1983 against the CCCF for allegedly unconstitutional conditions of confinement. Complaint in Case 1:16-cv-09357 ("Case 2"), Docket Entry 1.

7. Plaintiff again, submitted a blank complaint.

8. Plaintiff's Complaint in Case 2 is thus duplicative of Plaintiff's Complaint in Case 1.

9. "'As part of its general power to administer its docket,' a district court may dismiss a duplicative complaint. *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (prohibiting a plaintiff from 'maintaining two separate actions involving the same subject matter at the same time in the same court and against the same defendant') . . . [T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to amendment of complaints, Fed. R. Civ. P. 15." *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015).

10. Therefore, this matter is dismissed as duplicative of 16-08776.

11. An appropriate order follows.

**May 9, 2017**                        **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                               Chief U.S. District Judge